**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GIOVANNI E. ROSAL, | No. 12-70291 |
| Petitioner, | Agency No. A070-964-190 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted November 7, 2013
San Francisco, California

Before: FARRIS, BLACK**, and IKUTA, Circuit Judges.

---

    \*     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    \*\*     The Honorable Susan H. Black, Senior Circuit Judge for the U.S. Court of Appeals for the Eleventh Circuit, sitting by designation.

Giovanni Rosal petitions for review of the removal order entered against him by the Board of Immigration Appeals. We have jurisdiction over the petition under 8 U.S.C. § 1252(a).

We affirm the Board of Immigration Appeals' order of removal. The BIA & IJ's determinations of legal questions are reviewed *de novo*. *Ali v. Holder*, 637 F.3d 1025, 1028 (9th Cir. 2011). Their factual findings are reviewed for substantial evidence. *Id.* at 1028-29.

"The ability to demonstrate past persecution triggers a rebuttable presumption of a well-founded fear of future persecution." *Garcia-Martinez v. Ashcroft*, 371 F.3d 1066, 1073 (9th Cir. 2004). We have remanded cases based upon the failure to properly place the legal burden of proof. *Mashiri v. Ashcroft*, 383 F.3d 1112, 1123 (9th Cir. 2004).

Rosal established past persecution. Rosal failed to raise the argument to the BIA that the IJ applied the wrong burden of proof, and we consequently lack jurisdiction to consider it. *Barron v. Ashcroft*, 358 F.3d 674, 677 (9th Cir. 2004). We note, however, that the Immigration Judge correctly placed the burden of proof on the Department of Homeland Security to establish by a preponderance of evidence "that the applicant can reasonably relocate internally to an area of safety." *Melkonian v. Ashcroft*, 320 F.3d 1061, 1070 (9th Cir. 2003). The IJ stated the

correct legal standard and properly applied it, finding that the evidence introduced by DHS outweighed both the presumption and the evidence presented by Rosal.

The BIA's decision that Rosal could reasonably relocate is upheld if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Li v. Holder*, 559 F.3d 1096, 1102 (9th Cir. 2009). Reversal is not warranted unless it is determined that any reasonable factfinder would have been compelled to reach a different conclusion. *See Lolong v. Gonzales*, 484 F.3d 1173, 1178 (9th Cir. 2007). The relocation inquiry contains two parts: 1) DHS must show that there is an area "of the country where he or she has no well-founded fear of persecution," *Matter of M-Z-M-R-*, 26 I. & N. Dec. 28, 33 (BIA 2012); and 2) DHS must show by a preponderance of the evidence that "under all the circumstances, it would be reasonable to expect the applicant to [relocate]" 8 C.F.R. § 1208.13(b)(1)(i)(B).

The record does not compel a conclusion contrary to that reached by the BIA but rather includes substantial evidence that Rosal would be able to live in Guatemala City without a "well-founded fear of persecution." There is a small, but active gay community and there have been recent steps by the government of Guatemala to recognize and protect the rights of homosexuals. Substantial evidence supports the BIA's determination that Rosal's status as an adult, single

3

male and the developed structure of Guatemala City made internal relocation reasonable, despite Rosal's family ties to Quetzaltenango and lack of connections in Guatemala City.

**AFFIRMED.**